# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. (A/K/A: "FAST ADVANCE FUNDING") Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | |
| PROTECTION LEGAL GROUP, LLC, MARK D. GUIDUBALDI & ASSOCIATES, LLC, CORPORATE BAILOUT, LLC, SANFORD J. FEDER, ESQ., and MARK D. GUIDUBALDI, ESQ. Defendants. | : : : : : : | No. 16-CV-4267 |

## MEMORANDUM AND ORDER

Ditter, J.  April 10, 2017

Before me are Plaintiff Complete Business Solutions Group's ("CBSG") First and Second Amended Complaints against Defendants Protection Legal Group, LLC, ("PLG"); Mark D. Guidubaldi, Esquire; and related defendants.[1] CBSG alleges that Defendants interfered with CBSG's contractual relationship with various merchants. Defendants filed a motion to dismiss CBSG's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging that CBSG has failed to establish subject matter jurisdiction and pursuant to Rule 12(b)(6) alleging that CBSG failed to state a claim upon which relief can be granted. Instead of filing a response to Defendants' motion to dismiss, CBSG filed a Second Amended Complaint. Defendants subsequently filed a motion to strike CBSG's Second Amended Complaint as an

---

[1] PLG and Mr. Guidubaldi are the only defendants relevant to our discussion.

unauthorized filing. CBSG has now responded to both the motion to dismiss and motion to strike. For the following reasons, I will strike CBSG's Second Amended Complaint and grant Defendants' motion to dismiss CBSG's First Amended Complaint.

I. **FACTS AND PROCEDURAL HISTORY**

CBSG lends money to small business merchants and purchases future accounts receivables from them, essentially providing a cash advance to those merchants. The merchants repay CBSG by allowing CBSG to automatically withdraw from the merchant's designated bank account on a set time table. Several of the merchants who had entered into agreements with CBSG retained Defendants to represent them in re-negotiating their obligations with CBSG. CBSG alleges that Defendants actively pursued those merchants and interfered with the contractual relations between CBSG and the merchants, including instructing merchants "to cease allowing [CBSG's] withdrawals of funds and to instead allow Defendants operating under the name of Protection Legal Group (PLG) to retrieve said funds, and to administer said funds." *See* Pl.'s Br. in Opp. to Defs' Mot. to Dismiss and Mot. to Strike, at 4.

CBSG filed its original complaint on August 5, 2016, and then filed its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) on August 26, 2016, prior to Defendants' responsive pleading. On October 26, 2016, Defendants filed this motion to dismiss. On November 15, 2016, CBSG filed a Second Amended Complaint. This amended complaint was filed without Defendants' consent or leave of

2

court.

## II. DISCUSSION

### 1. Motion to Strike

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed, provided that it is done within 21 days of service or within 21 days of a Rule 12(b) motion. Subsequently, the plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2).

CBSG argues that its Second Amended Complaint was filed in accordance with Rule 15 as it was filed within 21 days of Defendants' Motion to Dismiss. CBSG is wrong. The First Amended Complaint was filed properly under Rule 15(a); however, an amendment is allowed as a matter of course only once. Because CBSG's Second Amended Complaint does not comply with Rule 15(a)(2), it will be stricken. *See Johnson v. Trans Union, LLC*, 2013 WL 218789, at *2 (E.D. Pa. May 21, 2013).

### 2. Motion to Dismiss under 12(b)(1)

Defendant moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) asserting that it should be dismissed for lack of subject matter jurisdiction because complete diversity does not exist between the parties. *See* 28 U.S.C. § 1332. "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one

3

way or the other, before proceeding to a disposition on the merits." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)) (citations and quotations omitted).

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 373 (1978)) (emphasis in original). The citizenship of an LLC is determined by the citizenship of each of its members for purposes of diversity jurisdiction. *Zambelli*, 592 F.3d at 420. Where an LLC is a party, the citizenship of the LLC "'must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Id.* at 420 (citing *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). Moreover, diversity of citizenship must have existed at the time the complaint was filed. *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957).

CBSG has its principal place of business in Pennsylvania. PLG is an LLC organized under the laws of the State of Illinois. *See* Declaration of Mark D. Guidubaldi, attached to Defs' Mot. to Dismiss as Ex. 1. Defendants contend that CBSG failed to properly plead diversity jurisdiction as it failed to set forth the members of PLG. Defendants assert that PLG is a multi-jurisdictional law firm with members authorized to practice law in various states, including Pennsylvania. More specifically, Defendants point to William P. Harrington, Jr., Esquire, alleging that he is a member of PLG and a citizen of Pennsylvania. If any member of PLG is a citizen of Pennsylvania, then diversity is defeated.

4

"The party asserting diversity jurisdiction bears the burden of proof." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Id.* In responding to Defendants' claim that it failed to properly plead diversity jurisdiction, CBSG notes that due diligence failed to uncover the citizenship of PLG members. CBSG points out that PLG is not registered with the Illinois Supreme Court, does not have a registered trade name, and has not filed a listing of all members of its law firm with the Illinois Supreme Court. Moreover, PLG's letterhead merely states "Licensed in Illinois."

CBSG's assertion that "due diligence" has failed to uncover the citizenship of PLG does not satisfy the burden of proving by a preponderance of the evidence that diversity exists. Defendants have shown that Mr. Harrington, an attorney licensed in Pennsylvania, is a member of PLG. In support thereof, Defendants have provided a declaration from William P. Harrington, Jr., in which Mr. Harrington asserts that he is "a member of Mark D. Guidubaldi & Associates, LLC d/b/a Protection Legal Group ("PLG"), and as such I have provided legal counsel in the Commonwealth of Pennsylvania for PLG clients that have legal matters that concern Pennsylvania law or before Pennsylvania courts." *See* Declaration of William P. Harrington, Jr., attached to Defs' Mot. to Dismiss as Ex. 2. Mr. Harrington goes on to state "[a]t all times relevant to this matter and as a member of PLG, I have provided legal representation, and advice with respect to PLG clients, cases,

5

and matters arising in and within the jurisdiction of Pennsylvania."[2] *Id.* CBSG takes issue with the fact that Mr. Harrington's declaration is unsworn; however, because he is a member of the Pennsylvania bar with the attendant responsibility of candor to the court, I accept Mr. Harrington's declaration as truthful. Moreover, Mr. Harrington states that he has provided legal counsel to PLG clients "at all times relevant to this matter." This statement, along a declaration from Mr. Guidubaldi, himself a member of the Illinois bar, stating that Mr. Harrington has been a member of PLG since July 13, 2016, is sufficient to establish that Mr. Harrington was a member of the PLG at the time the complaint was filed on August 5, 2016.[3] *See* Declaration of Mark D. Guidubaldi, attached to Defs' Mot. to Dismiss as Ex. 1; *Smith*, 354 U.S. at 93 n.1.

Mr. Harrington's membership in PLG as a citizen of Pennsylvania defeats complete diversity. Defendants' motion to dismiss based on subject matter jurisdiction

---

[2] CBSG was aware of the existence of Mr. Harrington as early as August 26, 2016, when Mr. Harrington sent a letter to CBSG's counsel regarding his representation of one of CBSG's merchants. *See* Pl.'s Br. in Opp. to Defs' Mot. to Dismiss and Mot. to Strike, at 5, attached as Ex. E-1. Although Mr. Harrington did not indicate that he was a member of PLG at that time, it certainly should have placed CBSG on notice that Mr. Harrington probably was since he represented one of CBSG's merchants. This letter is dated the same date that CBSG's First Amended Complaint was filed, and well before CBSG's Second Amended Complaint was filed on November 15, 2016.

[3] CBSG also argues that Mr. Harrington is, at best, a nominal party. "The citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013) (quoting *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980)) (internal quotes omitted). "Thus, a federal court must disregard nominal or formal parties and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation.'" *Id.* (quoting *Navarro Savings Ass'n* , 446 U.S. at 461; *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991)). Despite CBSG's argument to the contrary, I conclude that Mr. Harrington is not just a nominal party. Once again, because he is a member of the Pennsylvania bar, I trust Mr. Harrington's declaration attesting to his involvement in the controversies at issue creating a real interest in this litigation.

will be granted.[4]

## III. CONCLUSION

Defendants' Motion to Strike CBSG's Second Amended Complaint is being granted without leave to amend due to CBSG's failure to comply with Federal Rule of Civil Procedure 15(a)(2). Defendants' Motion to Dismiss based on lack of subject matter jurisdiction will be granted, and CBSG's complaint will be dismissed.[5]

An appropriate order follows.

---

[4] As I do not have subject matter jurisdiction over this matter, I have no authority to review the merits of Defendants' arguments presented pursuant to Federal Rule of Civil Procedure 12(b)(6).

[5] I have also considered whether this dismissal should include leave to amend. Rule 15(a)(2) states that leave to amend "shall be freely given when justice so requires." Leave to amend should be denied only in limited circumstances as for example, where amendment is sought in bad faith, where it would unduly prejudice the opposing party, or where the amendment would be futile. *Foman v. Petitioner*, 371 U.S. 178, 182 (1962); *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A proposed amendment would be futile if it would not survive a motion to dismiss. *Id.* (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998)). I conclude that any proposed amendment would be futile because this court does not have subject matter jurisdiction for the reasons discussed above.